O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ALMA DELGADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC. et al.,<br><br>　　　　　Defendants. | Case № 5:20-cv-01988-ODW (SPx)<br><br>**ORDER REMANDING ACTION and DENYING MOTION TO DISMISS AS MOOT [8]** |

## I.　INTRODUCTION

　　Plaintiff Alma Delgado filed this wrongful termination action in the Superior Court of California, County of San Bernardino, against Defendant Schneider Logistics Transloading and Distribution, Inc. ("Schneider") and individual Defendants Karla Torres, Evelyn Harris, Melizza St. Andrew, Anissa Gauthier, and Cynthia Gonzalez. (Notice of Removal ("NOR") ¶ 1, Ex. A ("Compl."), ECF Nos. 1, 1-1.)  Schneider removed the matter based on alleged diversity jurisdiction. (NOR ¶¶ 9–11.)  After removal, Delgado filed a First Amended Complaint ("FAC"), reasserting claims against only Schneider, Gonzalez, and St. Andrew (collectively for the purposes of this Order, "Defendants").  (FAC, ECF No. 7.)  Now, Defendants move to dismiss the FAC.  (*See* Mot. to Dismiss ("Motion" or "Mot."), ECF No. 8.)

However, after reviewing Schneider's Notice of Removal and Delgado's Complaint and FAC, the Court finds it lacks subject matter jurisdiction over this action because the Court cannot determine that the parties are completely diverse.[1] Consequently, the Court **REMANDS** this action to state court, and **DENIES** Defendants' Motion as moot. *See* 28 U.S.C. § 1447(c).[2]

## II. BACKGROUND

Delgado sued her former employer for alleged discrimination and harassment based on her religious faith and beliefs, her disability or perceived disability, and other protected statuses and associations. (*See* Compl. ¶¶ 13, 36; *see also* FAC ¶¶ 10, 37.)[3] Delgado alleges she was ostracized, denied medical leave and accommodations, and her employment was ultimately terminated as part of this "on-going and continuing" discrimination and harassment. (Compl. at 2, ¶¶ 12–23; *see also* FAC at 2, ¶¶ 9–23.) Delgado also asserted two of the causes of action against the individual Defendants, for harassment in violation of FEHA (second cause of action) and intentional infliction of emotional distress ("IIED") (tenth cause of action). (Compl. ¶¶ 30–48, 95–99.) Delgado omits several individual Defendants from her FAC but maintains the harassment and IIED causes of action against St. Andrew and Gonzalez. (*See* FAC ¶¶ 30–53, 99–118.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court

---

[1] For jurisdictional allegations, the Court looks to the Complaint and Notice of Removal, because diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

[2] After carefully considering the record, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

[3] All of Delgado's causes of action arise under California law, specifically the California Government Code section 12940 *et seq.*, the Fair Employment and Housing Act ("FEHA"), the California Labor Code, the California Family Rights Act, and common law. (*See* Compl. ¶¶ 24–99.)

may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs*, 360 F.3d at 967.

## IV. DISCUSSION

Schneider invokes diversity as the basis of the Court's subject matter jurisdiction. (NOR ¶ 11.) The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). There is a strong presumption against fraudulent joinder, and thus,

"[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). This is because the standard for establishing fraudulent joinder is more exacting than that for dismissal for failure to state a claim. *Id.* at 549. "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Here, Schneider attempts to invoke diversity jurisdiction because Delgado is a California citizen, and Schneider is considered a Wisconsin citizen. In its Notice of Removal, Schneider does not identify the individual Defendants' citizenships and instead asserts that the Court should disregard their citizenships because they were fraudulently joined. (NOR ¶¶ 13–16.) However, Schneider fails to show there is no possibility that Delgado can state a claim against the individual Defendants.[4]

As to the harassment cause of action, Schneider argues that the individual Defendants' personnel management decisions (concerning issues such as attendance, leave requests, and exclusion from work meetings) are not actionable harassment under FEHA. (*See* NOR ¶¶ 16–23.) However, the California Supreme Court has expressly acknowledged that personnel management decisions can be evidence of harassment where they are used as the means to communicate a harassing message or create a hostile work environment. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708

---

[4] As the Court finds there is a possibility that Delgado could state a harassment cause of action, the individual Defendants are not fraudulently joined and the Court need not consider the IIED cause of action. *See Jacobson v. Swisher Int'l*, No. CV 20-01504-CJC (SKx), 2020 WL 1986448, at *4, n.2 (C.D. Cal. Apr. 27, 2020) (declining to consider plaintiff's remaining claims after finding there was a possibility that plaintiff could state a single claim against non-diverse defendant).

(2009), *as modified* (Feb. 10, 2010) ("[I]n some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim."). Thus, allegations "of biased personnel management actions" may support a claim of harassment so long as they are "relevant to prove the communication of a hostile message." *Id.* Schneider concedes as much, as it acknowledges that "individuals *may* be held liable for claims of harassment" under FEHA. (NOR ¶ 17.)

To the extent Schneider argues Delgado's allegations are nevertheless insufficient to state a cause of action for harassment, this argument is unavailing. Schneider must do more than merely show Delgado's allegations are insufficient because the standard to establish fraudulent joinder is more exacting than that under Rule 12(b)(6). *See Grancare*, 889 F.3d at 549–50 (discussing that a defendant must show by clear and convincing evidence that there is *no possibility* a plaintiff could recover against a non-diverse defendant to establish fraudulent joinder). And even assuming Delgado's allegations are insufficient, Schneider fails to establish that Delgado could not cure any potential deficiency in a future amendment.[5] *See id.* at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."); *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (emphasis added) (quoting *Hunter*, 582 F.3d at 1044) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was

---

[5] In a footnote in the Notice of Removal, Schneider contends many of Delgado's allegations of harassing conduct are time-barred. (NOR ¶ 22 n.5.) But Delgado alleges the conduct was "on-going and continuing" and argues, in opposition to the Motion, that the continuing violation doctrine permits consideration of those allegations. (Compl. at 2; FAC at 2; Opp'n to Mot. 14–16, ECF No. 9.) Thus, the possibility exists that a state court could find those allegations not time-barred.

fraudulent, and remand is necessary.'"). Indeed, Delgado has already shown a desire to amend her claims. (*See generally* FAC; Opp'n 2, 16–19 (requesting leave to file a Second Amended Complaint).)

In short, Schneider has failed to show by clear and convincing evidence that there is no possibility Delgado could state a claim against the individual Defendants. Accordingly, the Court finds the individual Defendants were properly joined, and the Court cannot disregard their citizenship. As neither the Complaint nor the Notice of Removal provides a plausible allegation of the individual Defendants' citizenship, the Court cannot find it has subject matter jurisdiction. Therefore, the Court must remand. *See Gaus*, 980 F.2d at 566.

## V.   CONCLUSION

For the reasons discussed above, the Court **REMANDS** this action to the San Bernardino Superior Court, 247 W. Third St., San Bernardino, California, Case No. CIV DS 2005744. The Court **DENIES** Defendants' Motion to Dismiss as moot. (ECF No. 8.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

March 22, 2021

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**